PER CURIAM:
Claimant brought this action for damages to her 2002 Volkswagen Passat which occurred on two separate occasions in February and March 2003 when her vehicle struck *101 the same hole in U.S. Route 19 in Clarksburg, Harrison County. Respondent is responsible for the maintenance of U.S. Route 19, locally referred to as Milford Street, at the location of claimant’s two incidents. The Court is of the opinion to make an award to claimant for each incident for the reasons set forth herein below.
Claimant’s first incident occurred on February 24,2003, at about 10:00 to 10:30 p.m. when she was returning to her home south of Clarksburg from Morgantown where she had been attending classes. She was traveling south on U.S. Route 19, ahighwayshe traverses infrequently, when her vehicle struck a large hole filled with water which was in the travel portion of her lane. U.S. Route 19 is a two-lane, asphalt road with a yellow center line and curbs on each side. She was traveling at twenty to twenty-five miles per hour, as this roadway is in a residential area. She proceeded to her home although she was aware that her vehicle had something wrong. She returned to this area the next day to view the hole in the road which she estimated to be eighteen inches long, twenty-four inches wide and at least eight to ten inches deep. It was located six to eight inches into her lane of travel from the curb. Also the next day, she took her vehicle to a tire shop where she was advised that there was damage to the interior of two rims. Claimant ordered two new rims at a cost of $230.00. In the meantime, she had the tires mounted on aluminum rims that were the original rims for her vehicle.
The second incident involving this same hole in the pavement on U.S. Route 19 occurred on March 24, 2003, when claimant was again returning to her home from Morgantown. Her vehicle struck the exact same defect in the road when she was traveling southbound on U.S. Route 19 at about twenty-five miles per hour. She had called representatives of the city of Clarksburg after the first incident and the area had been repaired. On this second occasion, the hole had reappeared and claimant’s vehicle went into it causing damage to one of the aluminum rims. Replacing that rim cost $400.52 because it was a more expensive rim.
Thus, claimant replaced a total of three rims as a result of both incidents with the same hole on U.S. Route 19 for a total amount of damages of $630.52. Claimant has a $250.00 deductible with her insurance carrier per incident so she is limited to a recovery of $500.00.
John Michael Barberio, Highway Administrator for respondent in Harrison County, testified that he was aware of the hole on U.S. Route 19 that caused the damages to claimant’s vehicle. He explained to the Court that respondent filled this hole, as well as others on U.S. Route 19, which is a high priority highway. The highway extends approximately one-half mile to three fourths mile through the city of Clarksburg and this section is maintained by respondent. He testified that respondent’s crews filled holes in that specific area on numerous occasions including February 24, 2003, the date of claimant’s first incident. It was quite possible, in his opinion, that the hole could be patched with cold mix in the morning and that enough material could come out of the hole during the day such that the hole would be a hole again by late evening.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant claim, respondent has established that it had continuously treated the hole in Route 19 which caused the damages to claimant’s vehicle. The DOH-12's submitted into evidence establish that respondent treated this area frequently in an *102 attempt to protect the traveling public but the patching material (cold patch) available to respondent during the winter months comes out of defective areas very quickly in snowy or rainy weather. Respondent was not able to effect a permanent remedy until warmer weather. However, respondent never took any steps to place a warning sign for the traveling public even though this particular hole was on a high priority road in a residential area. The Court is of the opinion that respondent had actual knowledge of the defect on U.S. Route 19 on the dates of both of claimant’s incidents and it failed to protect the traveling public; therefore, the Court finds that respondent was negligent and that claimant may make a recovery for the damages to her vehicle which were proximately caused by respondent’s negligence.
In accordance with the finding of facts and conclusions of law as stated herein above, the Court is the opinion to and does make an award to claimant in the amount of $500.00 for the damages to her vehicle.
Award of $500.00.